## SCHWARZ v. MANLEY.

### No. 10589.

Court of Civil Appeals of Texas. Galveston.

Feb. 17, 1938.

Rehearing Denied March 10, 1938.

Weslow, Beadle & Keilin, of Houston, for appellant.

George H. Cavanagh, of Houston, for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit, thought to be substantially correct, is taken from the appellant's brief:

"This was a suit upon a promissory note originally filed by appellant, M. Schwarz, against appellee, G. C. Manley, and one Ruth Manley, alleged to be a feme sole, but later dismissed from the suit following the filing by her of a plea of coverture; the note being in the sum of $1,350, bearing interest at the rate of 8 per cent. per annum, principal and interest payable in monthly installments of $36.50 each, beginning May 1, 1930, plaintiff alleging, both in his original petition and in his amended petition, upon which he went to trial, the making of twenty-three payments upon the note, the application of these payments partly to principal, and the remainder to interest, and that a principal balance was left owing on the note of $661.41, as of March 22, 1932. No issue was raised by the pleadings, or by anything that took place in the trial of the case, as to any other payments having been made, or any incorrectness of the application of the payments, but the case was tried upon the theory that the balance unpaid was as alleged in plaintiff's pleadings. In his amended petition, plaintiff alleged that the note had been given as part of the purchase price of real estate conveyed by plaintiff to the defendant on the date of the note, and, further, that it had been secured by a deed of trust lien, but no foreclosure was asked for by plaintiff.

"The defensive issues asserted by the defendant, G. C. Manley, were two; one being the four-year statute of limitations, Rev.St.1925, art. 5527, and the other, that on or about March 22, 1932, an agreement had been entered into between the plaintiff and defendant, whereby, in consideration of the defendant redeeding the property,

by lien against which the note had been secured, to the holder and owner of a first lien against the property, plaintiff had released the defendant from any further liability on the note.

"The payments made by defendant, as alleged by plaintiff, discharged and paid, substantially upon their due dates, all of the installments which became due upon the note to and including the installment maturing March 1, 1932, the last payment being in the amount of $50, instead of $36.60, as required, left a small surplus of some $14 or $15 applicable against the installment due April 1, 1932. Plaintiff's original petition was filed May 6, 1936, and it was the defendant's contention, under his plea of limitation, which plea was general in its terms, that, notwithstanding the accelerating maturity clause in the note was not an absolute self-operating provision, but was a provision of the acceleration of maturity only at the option of the holder of the note, and notwithstanding there was no proof that the holder had ever exercised such option, the entire note was nevertheless barred by the four-year statute of limitation, by reason of the fact that one and a half or two installments upon the note were more than four years past due, when the suit was brought. It was plaintiff's contention, on the other hand, that, at the worst, only these one and a half or two installments were barred, but that, as to this particular note, the provisions of article 5520 of the 1925 Revised Civil Statutes, as amended by the 1931 Legislature, had had the effect of preventing or avoiding limitation as to any part of the note.

"Upon the trial of the case, no evidence was offered touching upon the question of limitation, but the court concluded in his judgment, finding against the plaintiff, a recital that he so found, not only upon the agreement to release, as found by the jury, but also upon the ground that the entire note was barred.

"In the matter of the defense based upon an alleged agreement upon the part of the plaintiff to release the note, testimony was offered, and at the conclusion of the evidence plaintiff moved for an instructed verdict, on the ground that the evidence had wholly failed to show any agreement to release, and upon the further ground that there was no consideration shown for any such agreement, if any were made.

"Plaintiff's motion for an instructed verdict was overruled, to which an exception was taken, and the question was submitted to the jury upon a single issue, inquiring of them as to whether there had been an agreement, between the plaintiff and the defendant that the defendant would redeed the property to the first lienholder, and plaintiff would release his lien. To the submission of this issue, plaintiff filed his objection, upon the ground that there was insufficient evidence to support the submission of the issue, and upon other grounds which will appear in our statements under our several propositions in this brief. The jury found, in response to this single issue, that such an agreement had been made. In due time defendant filed his motion for judgment. Plaintiff likewise filed a motion for judgment notwithstanding the verdict, which two motions were taken up at the same time; plaintiff's motion being overruled, and judgment being rendered in favor of the defendant. Motion for a new trial was duly filed, presented, and overruled, and, from the action of the court in so overruling the motion for a new trial, this appeal is taken."

These two are appellant's main contentions on the appeal:

(1) The evidence was insufficient as a matter of law to raise for the jury the sole fact question thus submitted to it by the court in special issue No. 1: "Do you find from a preponderance of the evidence that it was agreed between the plaintiff, Schwartz, and the defendant, Manley, that Manley was to deed the property back to the first lien holder, and that Schwartz would not hold Manley responsible on the second lien note?"

(2) No part of the note sued upon was barred under R.S. article 5520, as amended.

The appellee, on the other hand, in supporting the learned trial court's judgment, combats both of appellant's contentions, insisting that the evidence did raise the quoted issue, as well as supported the jury's affirmative answer thereto, and that the claimed debt was barred by the four-year statute of limitation, R.S. article 5527, which applied, rather than article 5520, so invoked by appellant, for the reason that, by the undisputed testimony, the note sued upon had become, prior to the filing of the suit, an ordinary unsecured one, having lost its character as carrying a ven-

dor's lien, because the holder of the first lien against the property involved had already foreclosed that lien against both parties to this proceeding, which, as affected them, had wholly nullified the second lien originally retained as between them in this note.

The appellee's answering position is thus stated in his brief:

"On March 22, 1930, defendant purchased a house and lot from plaintiff and agreed to pay for it in the following manner:

"Two Hundred and Fifty ($250.00) Dollars cash, and an unsecured Note for Four Hundred ($400.00) Dollars, agreed to assume a first lien of Fifty Five Hundred and gave a Vendor's Lien Note for Thirteen Hundred and Fifty ($1350.00) Dollars, as a second Lien. This Note was payable in monthly installments of $36.50 per month. The cash was paid. The $400.-00 Note was paid. The interest on the first-Lien was paid. Payments were made one the $1350.00-Note until March 22, 1932, when defendant made his last installment payment and advised plaintiff he would pay no more, but would return the property to plaintiff. Plaintiff replied that he was not in the real-estate business and did not want it. Defendant stated that he could not continue his payments, and if plaintiff would not accept the property, he would return it, with plaintiff's permission, to the holder of the first lien—the matter was discussed further, but neither party could remember more than part of the conversation.

"Defendant asked plaintiff what he would do if defendant returned the property to the holder of the first Lien, and plaintiff replied, 'Nothing.' Later in their conversations, plaintiff stated that if defendant would return the property to the first Lien holder, he (plaintiff) 'guessed he'd just have to take his loss.'

"The defendant, with the knowledge and consent of plaintiff, arranged with the owners of the first Lien, whereby they accepted the return of the property, and foreclosed on their deed-of-trust, without taking a deficiency-judgment against either plaintiff or defendant.

"Defendant made no further payments to plaintiff, and plaintiff made no demand for payment of any installment on the $1350.00 Note, until more than four years had expired and all installments were past due. During all of this time plaintiff and

defendant both lived in Houston, Texas, were well known to each other, and easily accessible. * * *

"The court did not commit error in overruling plaintiff's motion for an instructed verdict, because the evidence shows that defendant and plaintiff entered into a discussion with reference to defendant's returning the property to plaintiff and when plaintiff refused to accept the property, defendant stated he would return it to the holder of the first-Lien, and asked plaintiff what he would do in that event. Plaintiff said, 'Nothing, he guessed he'd just have to take his loss.'

"The defendant and plaintiff both evidently understood that they referred to collection of the balance on the Note, there was nothing else for them to refer to, and their subsequent conduct showed that that was their intention and agreement, because for more than four years, although both lived in Houston continuously, and were well known to each other, and both easily accessible, plaintiff demanded no monthly payments from defendant and defendant offered none.

"Plaintiff received ample consideration for this agreement, in that by persuading the first-lien holder to accept the property in satisfaction of their Note, the defendant relieved plaintiff of any personal liability on the first-lien for a deficiency at the trustee's sale."

This court agrees with the answering position of the appellee in so far as it maintains that the evidence was sufficient to raise the issue of fact so submitted to the jury, and that its affirmative finding thereon, having ample support in the testimony—indeed, not having been attacked on that account—justified the judgment rendered; further, that that verdict settled the controversy to the extent of extinguishing the note as an outstanding obligation, and with it died also the lien initially acknowledged to secure it; wherefore, it becomes unnecessary to discuss any question of limitation.

While the testimony, which has been correctly recited in the appellee's statement, may not have made out a categorical agreement in the express and technical sense that Manley was to deed the property back to the first lienholder in consideration of Schwarz's releasing to him his second lien note, it was plainly sufficient to authorize the jury to draw that result as a legitimate inference from what

undisputedly passed between the parties upon the matter; sometimes "silence gives consent" and "actions speak louder than words," according to the old saws, and likewise they visit legal consequences as well; as the dates show, the transactions here were all had during the prevalence of the late depression, and when the appellant—in the attending conditions then known by him to exist—acquiesced at least in the appellee's alternative determination to turn the property back to the first lienholder, if appellant himself would not accept a return of it, with the statement that he would do "nothing" in that contingency and "guessed he'd just have to take his loss," since he further knew that would necessarily denude the note of any lien, leaving him nothing except a possibility of making it out of the appellee anyway, the jury were not unwarranted in the inference that he meant to waive that also; especially so, in view of the aftermath, since for more than four years later, although aware all the while that appellee had not only carried out that return but further that the first lienholder had accepted the tender and foreclosed against them both, he made no further claim of liability whatever.

Without further discussion, the judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.